IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-145 |
| | ) | |
| DOMINIQUE DAVON GORDON, | ) | (VARLAN/GUYTON) |
| RANDALL KEITH FOWLER, and | ) | |
| BRENDA LYNN FOWLER, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on January 3, 2011, for a scheduled pretrial conference and motion hearing on the Defendant Gordon's Motion to Continue [Doc. 29], filed on December 28, 2010. Assistant United States Attorney David P. Lewen appeared on behalf of the Government. Attorneys Jonathan S. Wood, Jonathan A. Moffatt, and Joseph A. Fanduzz represented Defendants Dominique Gordon, Randall Fowler, and Brenda Fowler, respectively. Attorney Wood participated by telephone, and Mrs. Fowler's presence was waived for part of the hearing.

In his motion, Defendant Gordon asks the Court to continue the January 11, 2011 trial date because counsel needs additional time to review voluminous discovery and to prepare the case for trial. At the hearing, Attorney Wood stated that he had discussed the need for a continuance with

1

Defendant Gordon, who understood that he was waiving his speedy trial rights. Neither the Government or the codefendants had any objection to the requested continuance. The parties agreed to a new trial date of April 5, 2011.

The Court finds the motion for a continuance to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Defendant Gordon initially appeared for arraignment in this case on November 29, 2010. Although the Government provided some discovery on that day, the Defendant contends that counsel received additional discovery, including voluminous medical records, on December 17, 2010. Counsel informs the Court that, despite the use of reasonable diligence, he has not been able to complete his review of the new discovery or to get the case ready for trial by the present trial date. In light of the amount of preparation remaining, the Court finds that Defendant Gordon could not be ready for trial by January 11, 2011, or in less than three months. Thus, the Court finds that the failure to grant a continuance would deprive counsel for Defendant Gordon of the reasonable time necessary to prepare for trial despite his use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, Defendant Gordon's motion to continue the trial [**Doc. 29**] is **GRANTED**. The trial of this matter is reset to **April 5, 2011**. The Court also finds that all the time between the filing of his motion to continue on **December 28, 2010**, and the new trial date of **April 5, 2011**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). A final pretrial conference before the undersigned is set for **March 22, 2011, at 11:00 a.m.** This date shall also be the new deadline for concluding plea negotiations. Finally, the Court instructs the parties that all motions *in limine* must be filed no later

than **March 23, 2011**. Special requests for jury instructions shall be submitted to the District Court no later than **March 30, 2011**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Gordon's Motion to Continue [**Doc. 29**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **April 5, 2011**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion to continue on **December 28, 2010**, and the new trial date of **April 5, 2011**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) A final pretrial conference before the undersigned is set for **March 22, 2011, at 11:00 a.m.**;

(5) The plea cutoff deadline in this case is also **March 22, 2011**;

(6) Motions *in limine* must be filed no later than **March 23, 2011**; and

(7) Special requests for jury instructions with the appropriate citation to authority shall be submitted to the District Court no later than **March 30, 2010**.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge